[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. White v. Tepe,* Slip Opinion No. 2019-Ohio-760.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-760

THE STATE EX REL. WHITE, APPELLANT, *v.* TEPE, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. White v. Tepe,* Slip Opinion No. 2019-Ohio-760.]**

*Mandamus and prohibition—Common pleas court had jurisdiction over habeas corpus petition—Writs denied and court of appeals' dismissal affirmed.*

(No. 2018-0926—Submitted January 8, 2019—Decided March 6, 2019.)

APPEAL from the Court of Appeals for Warren County, No. CA2018-03-034.

_____

**Per Curiam.**

{¶ 1} Appellant, Marcus D. White, appeals the dismissal of his complaint for writs of mandamus and prohibition against respondent, Warren County Common Pleas Court Judge Timothy Tepe. We affirm.

**Allegations in the complaint**

{¶ 2} In 2005, a Franklin County jury convicted White of murder and felonious assault, with firearm specifications. *See State v. White*, 10th Dist. Franklin No. 05AP-1178, 2006-Ohio-4226, ¶ 5. The court of appeals affirmed his

convictions but reversed his sentence and remanded for a new sentencing hearing. *Id*. at ¶ 35. On remand, the trial-court judge sentenced White to serve an aggregate prison sentence of 25 years to life. *State v. White*, Franklin C.P. case No. 03CR-7014. The court of appeals affirmed the new sentence. *State v. White*, 10th Dist. Franklin No. 07AP-743, 2008-Ohio-701, ¶ 2. White is currently a prisoner in the Warren Correctional Institution.

**{¶ 3}** On May 19, 2016, White filed a petition for a writ of habeas corpus in the Warren County Court of Common Pleas. *See State ex rel. White v. Harris*, Warren C.P. case No. 16 CV 088642. The case was assigned to Judge Michael Gilb. On August 29, 2016, Judge Gilb granted the motion of the respondent, Warden Chae Harris, to dismiss the complaint based on res judicata and for failure to state a claim cognizable in habeas.

**{¶ 4}** Thereafter, on March 26, 2018, White commenced the present action against Judge Gilb in the Twelfth District Court of Appeals. White alleged that Judge Gilb, as a common-pleas-court judge, patently and unambiguously lacked jurisdiction to hear the habeas petition that White himself had filed. In his prayer for relief, White asked the court of appeals to "stop [Judge Gilb's] future unauthorized exercise of jurisdiction and to correct/vacate the results of [his] prior void and jurisdictionally unauthorized actions in Case No.: 16 CV 88642."

**{¶ 5}** Judge Tepe, as successor to Judge Gilb, filed a motion to dismiss. The court of appeals granted the motion on June 7, 2018. White appealed.

### Analysis

**{¶ 6}** Under the Ohio Constitution, the Supreme Court and the courts of appeals have original jurisdiction in habeas corpus. Ohio Constitution, Article IV, Sections 2(B)(1)(c) and 3(B)(1)(c). White argues that the common pleas courts have no such jurisdiction because the Ohio Constitution does not directly confer it. He is mistaken.

{¶ 7} The Ohio Constitution provides that the courts of common pleas "shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." Ohio Constitution, Article IV, Section 4(B). The General Assembly has expressly conferred habeas jurisdiction on the common pleas courts. R.C. 2725.02.

{¶ 8} In his reply brief, White clarifies that he does not deny the jurisdiction of the common pleas courts to issue habeas corpus writs in some cases. Instead, his theory is that the common pleas court "may hear the merits of a lower court or court of the same jurisdictional level, but not a higher court's * * * judgment." But R.C. 2725.02 imposes no such limitation on the common pleas court's jurisdiction. Moreover, White's argument is based on a misunderstanding of what such a habeas action entails. A common pleas court hearing a habeas corpus petition is not sitting in review of a higher court's judgment affirming an inmate's conviction; rather, the habeas court is considering issues relating to an alleged right to immediate release that have arisen subsequent to the original appeal.

{¶ 9} White has not demonstrated that the common pleas court lacked jurisdiction over his habeas case, and he is therefore not entitled to relief in mandamus or prohibition to undo Judge Gilb's judgment. We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Marcus D. White, pro se.

David P. Fornshell, Warren County Prosecuting Attorney, and Keith W. Anderson, Assistant Prosecuting Attorney, for appellee.

_____